# Third District Court of Appeal
## State of Florida

Opinion filed October 20, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-1143
Lower Tribunal No. 20-21384
_____

**Winston Ramkelawan, et al.,**
Appellants,

vs.

**Morgan & Morgan, P.A.,**
Appellee.

An Appeal from non-final orders from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Goldberg & Rosen, P.A., and Judd G. Rosen and Mustafa H. Dandashly; Beckham & Beckham, P.A., and Pamela Beckham and Robert J. Beckham, Jr., for appellants.

Klein Park & Lowe, P.L., and Robert M. Klein, Alex Diaz, and Andrew M. Feldman, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

EMAS, J.

Winston and Vindra Ramkelawan, the plaintiffs below, appeal the trial court's order compelling arbitration of the legal malpractice claim they filed against their former counsel, Morgan & Morgan, P.A. Appellants raise challenges to the retainer agreement as a whole, and a specific challenge to the arbitration provision contained therein. We find no merit in the arguments raised and affirm the trial court's order compelling arbitration.

The arbitration provisions within the retainer agreement provide:

> By executing this fee agreement I agree that, with one exception, any and all disputes between me and The Firm arising out of this agreement, The Firm's relationship with me or The Firm's performance of any past, current or future legal services, whether those services are subject of this particular agreement or otherwise, will be resolved through a binding arbitration proceeding to be conducted under the auspices of the Commercial Arbitration Rules of the American Arbitration Association in Orlando, Orange County, Florida. The disputes subject to binding arbitration will include without limitation, disputes regarding attorney's fees or costs, and those alleging negligence, malpractice, breach of fiduciary duty, fraud or any claim based upon a statute. Both the agreement of the parties to arbitrate all disputes and the results and awards rendered through the arbitration will be final and binding on me and The Firm and may be specifically enforced by legal proceedings. Arbitration will be the sole means of resolving such disputes, and both parties waive their rights to resolve disputes by court proceedings or any other means. The parties have agreed that judgment may be entered on the award of any court of competent jurisdiction in the state of Florida and, therefore, any award rendered shall be binding. The arbitrator may not consolidate more than one person's claims, and may not otherwise preside over any form of a representative or class proceeding. The one exception to my agreement to arbitrate concerns ethical grievances which I may have. Nothing in this agreement limits,

2

in any way, my right to pursue any ethical grievance against The Firm as permitted by applicable law.

I understand that by agreeing to arbitration as a mechanism to resolve all potential controversies, disputes or claims between us, I am waiving certain rights, including the right to bring an action in court, the right to a jury trial, the right to broad discovery, and the right to an appeal. I understand that in the context of arbitration, a case is decided by an arbitrator (one or more), not by a judge or jury. I agree that, in the event of such controversy, dispute, or claim between us, the prevailing party will be entitled to recover from the losing party all costs and expenses he, she, or it incurs in bringing and prosecuting, or defending, the arbitration, including reasonable attorney's fees and costs.

I have been advised to review this contract carefully to be certain that it accurately sets forth our agreement. In the event that I do not understand anything in this agreement, I will let The Firm know so further written explanation can be provided.

**NOTICE: I am aware this agreement contains provisions requiring arbitration of fee disputes. I am aware I should consult with another lawyer about the advisability of making an agreement with mandatory arbitration requirements. Arbitration proceedings are ways to resolve disputes without use of the court system. By entering into agreements that require arbitration, I give up (waive) my right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.**

(Emphasis in original.)

Appellants contend the language used in the instant arbitration provision violates Rule 4-1.5(i), Rules Regulating the Florida Bar,[1] and fails

---

[1] See <u>Chandris, S.A. v. Yanakakis</u>, 668 So. 2d 180, 185-86 (Fla. 1995) (holding "a contingent fee contract entered into by a member of The

3

to give "the required written notice that [the client] should consider obtaining independent legal advice as to the advisability of entering into an agreement containing such mandatory arbitration provisions." Feldman v. Davis, 53 So. 3d 1132, 1137 (Fla. 4th DCA 2011).  Rule 4-1.5(i) provides:

> (i) Arbitration Clauses. A lawyer must not make an agreement with a potential client prospectively providing for mandatory arbitration of fee disputes without first advising that person in writing that the potential client should consider obtaining independent legal advice as to the advisability of entering into an agreement containing such mandatory arbitration provisions. A lawyer shall not make an agreement containing such mandatory arbitration provisions unless the agreement contains the following language in bold print:
>
> **NOTICE: This agreement contains provisions requiring arbitration of fee disputes. Before you sign this agreement you should consider consulting with another lawyer about the advisability of making an agreement with mandatory arbitration requirements. Arbitration proceedings are ways to resolve disputes without use of the court system. By entering into agreements that require arbitration as the way to resolve fee disputes, you give up (waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.**

---

Florida Bar must comply with the rule governing contingent fees in order to be enforceable"); Feldman v. Davis, 53 So. 3d 1132,1136 (Fla. 4th DCA 2011) ("A provision in a contingency fee agreement that does not conform to the Rules Regulating The Florida Bar is not enforceable by the member of The Florida Bar that violated the rule").

4

Comparing the language of the Florida Bar rule with the language in the instant agreement reveals minor differences that do not invalidate the arbitration provision. The relevant paragraph in the parties' retainer agreement states:

> **NOTICE: I am aware this agreement contains provisions requiring arbitration of fee disputes. I am aware I should consult with another lawyer about the advisability of making an agreement with mandatory arbitration requirements. Arbitration proceedings are ways to resolve disputes without use of the court system. By entering into agreements that require arbitration, I give up (waive) my right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.**

The language in the agreement is virtually identical to that required by rule 4-1.5(i), save for a grammatical change from the third-person voice ("you") to the first-person voice ("I"), and a slight difference between the second sentence of each provision. The Florida Bar rule provides: "Before you sign this agreement you should consider consulting with another lawyer about the advisability of making an agreement with mandatory arbitration requirements." The agreement provides: "I am aware I should consult with another lawyer about the advisability of making an agreement with mandatory arbitration requirements."

We conclude that the language used in the arbitration provision of the retainer agreement is in compliance with the requirements of Florida Bar rule

4-1.5(i): it provides the requisite notice and satisfies that rule's express requirement that a retainer agreement mandating arbitration of fee disputes must "advis[e] . . . the potential client [that he or she] should consider obtaining independent legal advice as to the advisability of entering into an agreement containing such mandatory arbitration provisions." R. Regulating Fla. Bar 4-1.5(i). The language utilized conforms in all material respects, and we reject appellants' contention that these variances invalidate or render unenforceable the arbitration provision contained in the parties' contingent fee agreement. See, e.g., Guy Bennett Rubin, P.A. v. Guettler, 73 So. 3d 809, 813 (Fla. 4th DCA 2011) (finding contingent fee agreement enforceable despite technical or immaterial violation of Florida Bar rule 4-1.5(d)); Freedman v. Fraser Eng'g & Testing, Inc., 927 So. 2d 949, 954 (Fla. 4th DCA 2006) (finding a flawed contingency fee agreement can be enforceable and attorney's failure to send client proper closing statement did not preclude enforcement of charging lien); Wright v. Ford Motor Co., 982 F. Supp. 2d 1292 (M.D. Fla. 2013) (concluding attorneys from two different law firms who represented clients in successful wrongful death action were permitted to share contingent fees between them in 60-40% division, rather than 75-25% division presumed reasonable, even though petition did not strictly comply with applicable rule for permitting increased division of fees); State

6

Contracting & Eng'g Corp. v. Condotte Am., Inc., 368 F. Supp. 2d 1296 (S.D. Fla. 2005) (finding contingent fee agreement was enforceable despite technical or immaterial violations of Florida Bar).

The two cases appellants rely upon for their argument—Owens v. Corrigan, 252 So. 3d 747 (Fla. 4th DCA 2018) and Feldman v. Davis, 53 So. 3d at 1132—are inapposite. In both cases, the arbitration provision was held unenforceable because it did not contain any portion of the bold print notice required by rule 4-1.5(i). In Owens, for example, our sister court concluded:

> Here, the retainer agreement violated Florida Bar Rule 4-1.5(i) because the agreement prospectively provided for mandatory arbitration of fee disputes without giving the plaintiff the required written notice that she "should consider obtaining independent legal advice as to the advisability of entering into an agreement containing such mandatory arbitration provisions." Thus, because the arbitration clause does not comply with Florida Bar Rule 4-1.5(i), we hold that it is unenforceable on its face.

Owens, 252 So. 3d at 750. See also Feldman, 53 So. 3d at 1137.

Having determined that the arbitration provision is valid and enforceable, the remaining analysis is straightforward.[2] Given the plain and unambiguous language of the instant arbitration provision,[3] the parties

---

[2] The remaining issues raised by appellants do not merit additional discussion.

[3] The arbitration agreement provides in relevant part that, apart from ethical grievances,

7

manifestly agreed to arbitrate appellants' malpractice claim against their former counsel.  See Seifert v. U.S. Home Corp., 750 So. 2d 633, 636 (Fla. 1999) (holding: "Under both federal statutory provisions and Florida's arbitration code, there are three elements for courts to consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitration was waived"); 4927 Voorhees Rd., LLC v. Mallard, 163 So. 3d 632, 635 (Fla. 2d DCA 2015) ("Where a motion to compel arbitration has been filed and the arbitration agreement is valid on its face, it

---

**any and all disputes between me and The Firm arising out of this agreement, The Firm's relationship with me or The Firm's performance of any past, current or future legal services**, whether those services are subject of this particular agreement or otherwise, **will be resolved through a binding arbitration** proceeding to be conducted under the auspices of the Commercial Arbitration Rules of the American Arbitration Association in Orlando, Orange County, Florida. **The disputes subject to binding arbitration will include** without limitation, disputes regarding attorney's fees or costs, and **those alleging negligence, malpractice,** breach of fiduciary duty, fraud or any claim based upon a statute. Both the agreement of the parties to arbitrate all disputes and the results and awards rendered through the arbitration will be final and binding on me and The Firm and may be specifically enforced by legal proceedings. **Arbitration will be the sole means of resolving such disputes,** and both parties waive their rights to resolve disputes by court proceedings or any other means.

(Emphasis added.)

is the burden of the party seeking to avoid arbitration to demonstrate that the agreement is invalid") (quoting <u>Spring Lake NC, LLC v. Figueroa</u>, 104 So. 3d 1211, 1214 (Fla. 1st DCA 2012)).

Affirmed.