550 So.2d 1111 (1989)
THE FLORIDA BAR, Complainant,
v.
John DOE, Respondent.
No. 72365.
Supreme Court of Florida.
September 28, 1989.
Rehearing Denied November 21, 1989.
John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Jan K. Wichrowski, Asst. Staff Counsel, Orlando, for complainant.
John A. Weiss, Tallahassee, and Joseph T. Garlovsky, Daytona Beach, for respondent.
PER CURIAM.
This disciplinary proceeding is before the Court on the complaint of The Florida Bar against respondent, John Doe, and on the findings and recommendations contained in a referee's report. We have jurisdiction.[1] The Bar petitions for review of the referee's recommendation that respondent be found not guilty of the violations charged by the Bar and respondent cross-petitions for review of the referee's findings that he lacked jurisdiction to award costs and fees and to seal the record. We find that John Doe was guilty of minor misconduct because of an ethical violation. It follows that The Florida Bar is entitled to its costs.
Included within the referee's report are the following findings of fact: On March 25, 1987 the respondent was hired by one T.W. to represent her in a personal injury case. T.W. signed a contingent fee employment contract prepared by respondent. The contract included a "discharge clause" which permitted the client to discharge respondent only after paying him the greater of three hundred fifty dollars per hour for all the time spent on her case or forty percent of the greatest gross amount offered in settlement.
Because of a question another attorney raised of the propriety of the same discharge provision in an unrelated case, the respondent wrote The Florida Bar on April 9, 1987, enclosed a copy of the contract, and asked an opinion as to its propriety.
On May 20, 1987, Patricia J. Allen, Ethics Counsel, responded by letter and indicated that respondent's contract was deficient in several areas. She opined that the discharge clause "may very well be an excessive *1112 fee" and that "[t]he apparent purpose ... is to intimidate the client into not exercising his right to discharge you from representation... ." For that reason, she concluded, the clause violated Rosenberg v. Levin, 409 So.2d 1016 (Fla. 1982).
Two days later, respondent modified his standard contract and sent Ms. Allen a copy. The modified contract sought to incorporate the thrust of Ms. Allen's suggestions and reduced the hourly rate for discharge to two hundred fifty dollars, but did not eliminate the discharge clause.
On July 1, 1987, Ms. Allen wrote respondent and expressed the opinion that the revisions satisfied the concerns of her prior letter. However, Ms. Allen explained that she "neglected" to mention a potential problem in that this contract called for a percentage of the court award on appeal rather than of the recovery. She reiterated her previous concern with the discharge clause and the omission of language required by rule 4-1.5(D)(4)(a)(1), Rules Regulating The Florida Bar,[2] concerning a statement of client's rights.
On July 16, 1989, respondent sent a new form contract to Ms. Allen and again sought her advice. She did not reply to that inquiry.
On July 29, 1987, T.W. discharged respondent. On August 13, 1987, respondent filed a motion to withdraw and, pursuant to his contract with her, sought the rate of three hundred fifty dollars per hour for seventeen and three-quarters hours of work. On September 16, respondent unilaterally reduced his hourly fee to one hundred fifty dollars.
The Bar charged respondent with having violated rule 3-4.3 of the Rules Regulating The Florida Bar (conduct contrary to honesty and justice); 4-1.5(A) (entering into agreement charging excessive fee); 4-1.5(D)(4)(a)(1) (failure to include mandatory provision regarding statement of client's rights); 4-1.5(D)(4)(b)(1) (entering into contingency contract which potentially exceeds fee ceiling); 4-1.5 (entering into agreement making the return of property contingent upon payment); and 4-1.16 (comment) (charging excessive fee as penalty for discharge).
At the disciplinary hearing, the referee heard testimony from three witnesses produced by complainant and six witnesses produced by respondent. The referee's report continues with the following findings of fact:
3. While the Contingent Fee contract on its face violates Florida Bar Rules 4-1.5(d)(4) a 1 [sic] and 4-1.5(d) b 1 [sic], the Bar submitted no testimony that the Respondent's actions in any case were ever in violation of those provisions. The Respondent's testimony was he always delivered the client's files to them or their new attorney when he was discharged, and he always asked the trial judge to set his fee from the recovery if any, in the suit... . When a fellow attorney questioned the form of his contract he sought ethical opinions from the Florida Bar and changed the wording of his contract.
4. The Bar has not met its burden of proving that the Respondent has violated Florida Bar Rules 3-4.3, 4-1.5A [sic], and 4-1.5 pursuant to the comment to Rule 4-1.16... .
5. The material facts of this matter are not in dispute. The Respondent's Contingent Fee Contract on its face violated the applicable rules, but his conduct did not. The only dispute came from opinions of attorneys and judges who are experts in the personal injury field. When it was pointed out to Respondent that his contract was not in proper form, he promptly and reasonably sought ethical advice and changed his contract. Nothing presented before me warrants a finding that the Respondent is guilty of any unethical actions warranting disciplinary proceedings.
We disagree with the referee that the Bar has not met its burden of proving an ethical violation. As noted by the referee, the contract itself shows an ethical violation. Ms. Allen, in her letter to Doe, properly noted that the effect of Doe's *1113 discharge provision was to intimidate the client into not exercising her right to discharge Doe from representation and to penalize any such exercise of that right. An attorney cannot exact a penalty for a right of discharge. To do so is contrary to our statement of policy in Rosenberg v. Levin, 409 So.2d at 1021:
We approve the philosophy that there is an overriding need to allow clients freedom to substitute attorneys without economic penalty as a means of accomplishing the broad objective of fostering public confidence in the legal profession. Failure to limit quantum meruit recovery defeats the policy against penalizing the client for exercising his right to discharge. However, attorneys should not be penalized either and should have the opportunity to recover for services performed.
Doe filed a lien against his former client in an amount of the original contract after knowing it was suspect. To his credit, he did subsequently reduce it to have it more in line with Rosenberg. We accept the referee's premise that Doe did not intend to violate any rules. We look upon this not to negate, but to mitigate, the effect of his onerous contract. Because of this we reduce the punishment from public reprimand to private.
Doe should appear before the board of governors of The Florida Bar at a time set by the board to receive his private reprimand. Judgment is entered against respondent for $2,134.37, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] Art. V, § 15, Fla. Const. John Doe is a fictitious name. We use it because we exercise our discretion to keep this file confidential as to the lawyer involved. Normally the filing of a formal complaint by The Florida Bar, for other than minor misconduct, causes confidentiality to be lost. Because we conclude in this instance that Doe was guilty only of minor misconduct, we deem it appropriate that the identity of the lawyer be kept confidential.
[2] Former rule 4-1.5(D), Rules Regulating Fla. Bar., is now 4-1.5(F).