607 So.2d 412 (1992)
THE FLORIDA BAR, Complainant,
v.
Bruce Lee HOLLANDER, Respondent.
No. 78896.
Supreme Court of Florida.
November 5, 1992.
Rehearing Denied February 16, 1993.
*413 John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee, and Stephen C. Whalen, Bar Counsel, Fort Lauderdale, for complainant.
Bruce Lee Hollander, pro se.
PER CURIAM.
This is a lawyer disciplinary hearing in which Bruce Lee Hollander (Hollander) petitions this Court to review the referee's finding of guilt and recommendation of discipline. The referee recommended to this Court that Hollander receive a public reprimand and be placed on six months' probation. We have jurisdiction based on article V, section 15 of the Florida Constitution. For the reasons expressed, we approve the referee's findings and recommendation.
After reviewing the evidence, the referee found the following facts. Hollander is the sole shareholder and partner in his law firm Hollander and Associates, P.A., and that on April 9, 1989, he entered into a contingency fee agreement with Lygia C. Tschirgi (Tschirgi) for representation in a personal injury action. Hollander authorized and adopted the contingency fee agreement signed by Tschirgi. The attorney initially handling Tschirgi's case, Gladys Coia, left Hollander and Associates and the case was reassigned to another attorney in the firm, Scott Jontiff.
Hollander directed Jontiff to terminate the firm's representation of Tschirgi because he thought that the representation would not be successful or profitable. On February 12, 1990, Jontiff mailed Tschirgi a letter requesting that she execute a Notice of Termination discharging Hollander and Associates from representing her. Tschirgi returned the Notice of Termination form unsigned to Hollander and Associates indicating that she did not want to discharge the firm. In October 1990, Hollander made a motion to withdraw from representation which was granted by the court. Upon withdrawal, Hollander and Associates placed a lien on Tschirgi's court file for payment of fees and costs. The lien for services indicated that the court would determine the amount owed by Tschirgi. Before withdrawing, Hollander informed Tschirgi that his law firm had incurred $6,000 in attorney services. Tschirgi consulted with several other attorneys about representation; however, all declined to represent her.
Furthermore, the referee found that the termination-of-service clause in the fee agreement required Tschirgi to pay Hollander and Associates for all services rendered until the termination. In addition to the hourly fee for services, the termination clause entitled the firm to receive a pro rata share of any recovery obtained by new counsel. The referee also found that the withdrawal clause of the contingency fee agreement contained a similar provision. The withdrawal clause allowed Hollander's firm to receive prompt payment for all services and a percentage of any recovery made by new counsel. The referee concluded that the contingency fee agreement provided for the collection of an excessive fee and penalized Tschirgi for exercising her right to terminate Hollander's services.
The referee found Hollander guilty of violating the following rules: Rules Regulating The Florida Bar 4-1.5(A) (a lawyer shall not enter into an agreement for, charge, or collect a clearly excessive fee); 4-8.4(a) (a lawyer shall not violate the Rules of Professional Conduct); and 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). *414 The referee also found three aggravating factors: 1) past disciplinary record for violating Rule Regulating The Florida Bar 4-1.5(A) (a lawyer shall not enter into an agreement for, charge, or collect a clearly excessive fee); 2) selfish or dishonest motive; and 3) vulnerability of victims. The referee found in mitigation the fact that Hollander had not sought to enforce the terms of the retainer agreement other than filing a charging lien with the court. In addition, the referee also found that Hollander expressed remorse for his actions.
The referee recommended that this Court give Hollander a public reprimand and that he be placed on six months' probation. The referee recommended that the terms of Hollander's probation require that he immediately stop the use and enforcement of the termination-of-services and withdrawal clauses. The referee also recommended that Hollander's existing contingency fee cases which contain a termination-of-services and a withdrawal clause be modified in order to remove the excessive fee or penalty for the client's discharge of the firm. Finally, the referee recommended that Hollander notify each of the firm's clients of the modification, and that Hollander file a written certification with the Clerk of the Supreme Court of Florida that he has completed the terms of the probation.
Hollander first argues that the referee committed reversible error by allowing The Florida Bar to proffer evidence of Hollander's prior disciplinary conduct, involving a violation of rule 4-1.5(A). Hollander argues that the proffer by The Florida Bar caused him prejudice by presenting bad character evidence. The record reflects that the referee rejected the proffered evidence and did not consider it; thus, we find that Hollander's contention is without merit.
Hollander also challenges the referee's decision to qualify The Florida Bar's expert witness concerning personal injury cases and contingency fee agreements. The record shows that the expert witness had extensive experience with personal injury and contingency fee agreements. Thus, we find that Hollander failed to show that the referee abused his discretion in qualifying the expert witness.
Hollander challenges the referee's finding that the termination and withdrawal clauses of the contingency fee agreement violated rule 4-1.5(A). Hollander argues that the contingency fee agreement read as a whole is intended to conform to The Florida Bar Rules of Professional Conduct and that the termination-of-services clause was not intended to allow the firm to collect for both the hourly rate and a pro rata fee for any recovery made by a new attorney. He further contends that the clause was intended to allow a trial court to award quantum meruit value for the firm's services and that the withdrawal clause was not intended to allow an excessive recovery. Finally, Hollander asserts that he is not guilty of any ethical violations because neither the termination nor the withdrawal clause has ever been enforced by his law firm.
The Florida Bar argues that both the termination-of-services clause and withdrawal clause on their face violate the rule that prohibits a lawyer from entering an agreement for, charging, or collecting a clearly excessive fee. We agree.
The termination-of-services clause at issue here provides:
[S]hould this claim be abandoned by the client or any other lawsuit filed pursuant hereto be dismissed at the client's insistence or request, then and in that event, the client agrees to promptly pay the firm for all services rendered up through and including the date of termination along with any other fees, charges and/or expenses incurred to that date. The services rendered to that point shall be paid by client at the prevailing hourly rate for firm members at the time services were rendered.
The termination-of-services clause then further provides:
All expenses of the firm shall be immediately paid by the client. In addition, the firm shall be entitled to a fee based on the fee schedule stated herein and computed *415 on a prorata [sic] basis comparing the time expended by this firm to the time expended by any new attorneys and the total recovery of the client.
The withdrawal clause provides in part that:
the client agrees to promptly pay the firm for all services rendered up through and including the date of withdrawal, and all other fees, charges and expenses incurred through the date of withdrawal.
The withdrawal clause further provides that in the event of withdrawal:
The client agrees that Hollander & Associates, P.A., shall continue to be entitled to a fee equal to the percentage of the amount received by the client as set forth in this agreement, unless and until a new and mutually agreeable fee agreement is worked out between the client, this firm, and any new counsel taking over representation of the client.
We uphold the referee's findings that the termination and withdrawal clauses of the agreement violate Rule Regulating The Florida Bar 4-1.5(A). Both clauses provided that Tschirgi promptly pay for all services, fees, charges, and expenses incurred through the date of either the termination or withdrawal. In addition, both clauses also provided that Hollander's law firm was entitled to a fee equal to the percentage amount stipulated in the contingency fee agreement until Tschirgi, Hollander's firm, and any new counsel worked out a mutually agreeable fee agreement. The agreement on its face allowed Hollander to collect twice for the same work, and thus, the agreement had the effect of intimidating a client from exercising the right to terminate representation. As we stated in The Florida Bar v. Doe, 550 So.2d 1111, 1113 (Fla. 1989), "[a]n attorney cannot exact a penalty for a right of discharge." Moreover, while not directly placed in issue by the parties, it is also the Court's view that any contingency fee contract which permits the attorney to withdraw from representation without fault on part of the client or other just reason, and purports to allow the attorney to collect a fee for services already rendered would be unenforceable and unethical.
We reject Hollander's argument that this type of fee arrangement is harmonious with our decision in Rosenberg v. Levin, 409 So.2d 1016 (Fla. 1982). In Rosenberg, this Court held that an attorney, who was discharged by a client without cause, could pursue a fee on the basis of quantum meruit after the former client recovered damages. Unlike Rosenberg, the instant case involves an agreement between the client and attorney that allows the attorney to be paid twice for the same work. Additionally, the language of both clauses fails to support Hollander's argument that the agreement provided for a quantum meruit determination of fees between the client and his law firm. Neither clause contains language referring to a court determination of quantum meruit in setting fees with clients. Thus, we find that the instant case is distinguishable from this Court's decision in Rosenberg.
Finally, Hollander challenges the referee's findings that he violated Rules Regulating The Florida Bar 4-8.4(a) and 4-8.4(c). Testimony in the record indicated that Hollander directed an associate in his firm, Jontiff, to terminate the law firm's representation of Tschirgi. As Jontiff's supervisor, Hollander instructed Jontiff to terminate the firm's representation of Tschirgi. The referee correctly found that Hollander was responsible for the ethical violation resulting from the mailing of the termination notice. See Rule Regulating The Florida Bar 4-5.1(c)(2) (a lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if the lawyer is a partner in law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action). Hollander has failed to show that the findings are clearly erroneous or lacking in evidentiary support. Thus, we uphold the referee's findings that Hollander violated Rules Regulating The Florida Bar 4-8.4(a) and 4-8.4(c).
*416 Based on the record in this case, we adopt the referee's recommended discipline. Accordingly, we publicly reprimand Bruce Lee Hollander and place him on probation for six months. The terms of the probation are as follows: 1) Hollander shall immediately cease to use and enforce the termination-of-services and withdrawal clauses, which were the subject matter of this disciplinary hearing; 2) Hollander shall immediately modify all of his firm's existing contingency fee contracts that contain the termination-of-services clause and withdrawal clause to eliminate an excessive fee or penalty for the client's decision to discharge Hollander's firm; and 3) Hollander shall inform each of his firm's affected clients in writing. Hollander shall file a written certification with the Clerk of the Supreme Court of Florida that these conditions have been accomplished. Hollander is publicly reprimanded by publication of this opinion in Southern Reporter. Judgment for costs in the amount of $1,674.20 is entered against Hollander, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.