659 So.2d 1276 (1995)
Dahlia TAINES, individually and as Guardian for the Estate of Michael Taines, Incompetent, Appellant,
v.
Scott BERENSON, Appellee.
No. 94-1222.
District Court of Appeal of Florida, Fourth District.
August 30, 1995.
Anthony S. Paetro of Anthony S. Paetro, P.A., Bay Harbor Islands, for appellant.
Steven B. Greenfield, Boca Raton, for appellee.
POLEN, Judge.
Dahlia Taines, as Seller, individually, and as Personal Representative of the Estate of Michael Taines, appeals from an adverse Amended Final Judgment awarding to Dr. Scott Berenson, as Buyer, specific performance *1277 and various elements of damages totalling $371,635 in connection with the alleged breach of contract for the sale and purchase of a piece of real estate on which Dr. Berenson had intended to build medical offices. We reverse and remand to the trial court as we find that the court erred in awarding both specific performance and damages to the buyer.
The facts of this case arose out of a real estate transaction involving two separate contracts in which Dr. Scott Berenson, appellee, attempted to purchase a parcel of real property from the seller, Dahlia Taines; entered into a contract with her for purchase of same; and subsequently discovered that, because there was a gap in the chain of title, the seller was unable to provide clear title.
On August 22, 1990, Berenson entered into the "First Contract" with appellant/seller to purchase, for $215,000, property on which he intended to construct a two-story medical building to be utilized by himself, for his own medical practice, while renting out additional space to other physicians. Subsequently, he discovered that the title was unmarketable due to a gap in the chain of title, along with a judgment and other liens against the property.
The record reflects that, despite being made aware by his attorney of the title defects, Berenson, nevertheless, executed on February 18, 1991 a "Second Contract" with appellant. This second contract provided for a reduced purchase price of $190,000, $18,000 escrow deposit, a 90-day defective title "cure" provision and a closing to take place on or before February 28, 1991. However, Berenson subsequently had his attorney draft an addendum to the second contract, containing additional terms which Taines declined to sign, viewing it as an attempt to modify the contract with terms she deemed unacceptable and disadvantageous to herself.
Upon Taines' refusal to sign a second proposed addendum, Berenson then filed suit in a three count complaint, alleging breach of contract, misrepresentation, and specific performance. At the subsequent trial, the court awarded Berenson specific performance, damages in excess of $300,000, attorney's fees, costs and pre-judgment and post-judgment interest.
In reversing, we do so upon our conviction that Berenson's remedies were limited by the terms of the contract itself, which specifically stated, in pertinent part:
A. EVIDENCE OF TITLE ... buyer shall have ten (10) days from the date of receiving the evidence [February 15, 1991] to examine same. If title is found to be defective, the buyer shall within said period notify the seller in writing specifying the defects. If the said defects render the title unmarketable, the seller shall have ninety (90) days from the receipt of such notice [February 19, 1991] to cure the defects and if after said period seller shall not have cured the defects, buyer shall have the option of (1) accepting title as it then is or (2) demand a refund of all monies paid hereunder which shall forthwith be returned to the buyer, and thereupon the buyer and seller shall be released of all further obligations under this contract.
(Emphasis supplied.) Thus, it is apparent that, upon the failure of the seller to "cure" the defects, either of the two remedies listed in Provision A were available to the seller  but not both. Here, despite having options (1) and (2), as indicated above, available to him, Berenson exercised neither. He neither agreed to accept a deed for title as it existed, nor did he request a refund and cancellation of the contract. Rather, he relied upon the following paragraph of the contract:
8. DEFAULT BY SELLER. If the seller fails to perform any of the covenants of this contract, the aforesaid money paid by the buyer at the option of the buyer, shall be returned to the buyer on demand, or the buyer shall have the right to specific performance.
(Emphasis supplied.)
Here, because the buyer has elected to file suit before the expiration of the *1278 cure period, as provided in Provision A, the remedy in Paragraph 8, upon which the appellee now attempts to rely, is inapplicable at bar. Although the trial court has apparently considered and rejected the "anticipatory breach" argument made by the seller, we, nevertheless, decline to view as a default the seller's failure to cure the defect. Rather, we take the view that her inability to cure has already been contemplated, and the buyer's remedies for same have been provided for in Provision A. Consequently, under the terms of the contract, the only remedies available to appellee are as found in Provision A(1) or (2). Here, the trial court erred by awarding remedies under both provisions to the buyer. Accordingly, we reverse and remand to the trial court for a final determination as to which of the two provisions shall be applied. Additionally, we hold that the trial judge can rule based on the existing record without taking additional testimony, unless he, in his discretion, determines that additional evidence is necessary.
REVERSED and REMANDED.
DELL and STEVENSON, JJ., concur.