958 So.2d 483 (2007)
Michele LOPES, Michael J. Gigante, and Matthew Gigante, Appellants,
v.
Gerard SAPPINGTON, Appellee.
No. 4D06-1077.
District Court of Appeal of Florida, Fourth District.
May 23, 2007.
Rehearing Denied July 16, 2007.
*484 Peter N. Price of Peter N. Price, P.A., Hollywood, for appellants.
Suzanne M. McLean of Webber, Hinden, McLean & Arbeiter, P.A., Pembroke Pines, for appellee.
PER CURIAM.
Appellants, Michele Lopes, Michael J. Gigante, and Matthew Gigante (collectively "the Gigantes"), appeal a final judgment entered in favor of appellee, Gerald Sappington, on Sappington's motion for summary judgment. The Gigantes simultaneously appeal the denial of their motion for rehearing of Sappington's motion for summary judgment. We reverse.
The Gigantes allegedly entered into a contract for the purchase of real property owned by Sappington. Before the date set for closing in the contract, the Gigantes allegedly notified Sappington of an unsatisfied mortgage on the property. On August 26, 2004, after the date set for closing passed, the Gigantes' attorney sent Sappington's attorney a letter stating:
The closing was to be on or before August 17, 2004, my clients were ready to close, their financing was complete and all deposits were made. Apparently your client refused to close because of an unsatisfied lien on the property by California Federal Bank Mortgage in the amount of approximately $52,000.[1] The contract specifically provides that the property is to be conveyed free and clear of encumbrances, this is the responsibility of the Seller, his refusal to deliver clear title constitutes a default under the contract.
The contract provides that in the event of a title defect the Seller shall be afforded 30 days to cure such defect, however our position is that the unsatisfied lien is not a title defect but rather it is the Seller's obligation to satisfy the mortgage and provide clear title, the failure to do so constitutes a breach. A remedy provided in the contract for a breach is specific performance, which we intend to pursue.
On September 10, 2004, the Gigantes filed a two-count complaint against Sappington seeking specific performance (Count I) and damages for breach of contract (Count II). The Gigantes also filed a notice of lis pendens on the property. In Count I, the Gigantes alleged that Sappington failed to close as required by the contract. They invoked paragraph 32 of the contract, which states in pertinent part: "If Seller fails to perform any of the covenants of this Contract, all money paid or deposited by Buyer pursuant to this Contract shall be returned to Buyer upon demand, or Buyer shall have the right of specific performance." The Gigantes voluntarily dismissed Count II.
Sappington filed a motion for summary judgment raising two grounds. First, Sappington argued that the contract does not entitle, and in fact precludes, the Gigantes' requested remedy of specific performance, citing Taines v. Berenson, 659 So.2d 1276 (Fla. 4th DCA 1995), and paragraph 10.3 of the contract. Paragraph 10.3 entitled "TITLE DEFECTS" states:
Buyer shall have ten (10) days from the date of receiving evidence of title to examine same. If title is found to be defective, Buyer shall within said period, notify Seller in writing specifying the defects. If such defects render the title unmarketable, Seller shall have thirty (30) days from the receipt of such notice to cure the defects, and if after said *485 period Seller shall not have cured the defects, Buyer shall have the option of (1) accepting title as it then is; or (2) terminating this Contract by delivery of written notice to Seller or his Authorized Representative, and deposits shall be returned to Buyer and all parties shall be released from all further obligations herein.
Second, Sappington contended no contract exists due to the Gigantes' failure to comply with the contract's delivery provision. Specifically, Sappington argued:
If [the Gigantes] have not complied with the conditions precedent required to be performed by [the Gigantes], including but not limited to, delivery of the Contract to [Sappington], closing by August 17, 2004, and delivery of a writing specifying the defects within ten (10) days of [the Gigantes'] receipt of evidence of title, [the Gigantes] cannot maintain a claim for specific performance against [Sappington].
(emphasis in original).
The trial court granted Sappington's motion for summary judgment and issued a final judgment in favor of Sappington. The final judgment states in pertinent part:
The Court finds that the pleadings, affidavits, and other documents on file show that there is no genuine issue as to any material fact and that Defendant, GERALD SAPPINGTON, is entitled to a judgment as a matter of law.
. . .
The Court finds that the case of Taines v. Berenson, 659 So.2d 1276 (Fla. 4th DCA 1995) is on point and controlling in this action. In Taines v. Berenson, the court held that the buyer's remedies were limited by the terms of the contract to accepting title "as is" or demanding a refund of monies paid. 659 So.2d at 1277. The court specifically rejects the buyer's argument that the seller's failure to cure the defect should be viewed as a default. Id. at 1278. Therefore, a buyer's remedy against a seller for failure to cure a title defect are [sic] limited to those remedies specifically provided for in that provision of the contract which governs title defects.
Likewise, in the case at bar, this Court finds that the Contract at issue does not provide [the Gigantes] with the remedy of specific performance. The unsatisfied mortgage is a defect in the title. As in Taines v. Berenson, the Contract at issue provides limited remedies of accepting title "as is" or terminating the Contract by written notice to [Sappington] and a return of the deposit, neither of which were exercised by [the Gigantes]. Additionally, as in Taines v. Berenson, [the Gigantes] elected to file suit prior to the expiration of the cure period, which act, separate and apart from above, renders the default provision unenforceable.
The trial court denied the Gigantes' motion for rehearing.
The Gigantes argue the trial court erred in granting Sappington's motion for summary judgment. We agree. In Fini v. Glascoe, 936 So.2d 52 (Fla. 4th DCA 2006), this Court recognized:
The standard of review of an order granting summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, L.P., 760 So.2d 126, 130 (Fla. 2000). When reviewing a ruling on summary judgment, an appellate court must examine the record in the light most favorable to the non-moving party. Weinstein Design Group, Inc. v. Fielder, 884 So.2d 990, 997 (Fla. 4th DCA 2004). Summary judgment cannot be granted unless the pleadings, depositions, answers to interrogatories, and *486 admissions on file together with affidavits, if any, conclusively show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fla. R. Civ. P. 1.510(c). "[T]he burden is upon the party moving for summary judgment to show conclusively the complete absence of any genuine issue of material fact." Albelo v. S. Bell, 682 So.2d 1126, 1129 (Fla. 4th DCA 1996).
Fini, 936 So.2d at 54.
There exist genuine issues of material fact as to whether Sappington breached the contract, which would render paragraph 32 applicable, or whether the unsatisfied mortgage constituted the type of title defect contemplated by paragraph 10.3. Thus, we reverse and remand for the trial court to vacate the final judgment in favor of Sappington and conduct further proceedings consistent with this opinion.
Reversed and Remanded with Directions.
WARNER, KLEIN and HAZOURI, JJ., concur.
NOTES
[1] The mortgage in question appears to have been satisfied on December 23, 1993, but apparently the satisfaction had not been recorded.