STEVENSON, J.
Patricia Patterson, the employee in this unpaid wages action, appeals a final summary judgment in favor of her former employer, A Law Office of Lauri J. Gold-stein, P.A. The issue before this Court is whether a bonus arrangement that violates rule 4-5.4(a) of the Rules of Professional Conduct of the Rules Regulating the Florida Bar (improper fee-sharing with nonlaw-yer) is enforceable by a paralegal who seeks unpaid wages due under the agreement. We conclude that, under the facts presented, the agreement is enforceable and reverse the summary judgment.
Pursuant to the facts as conceded for the purpose of summary judgment, Lauri Goldstein, an attorney, hired Patterson as a paralegal in her law firm. Goldstein orally agreed to pay Patterson an annual *1236 salary plus bonus wages calculated as 10% of Goldstein’s attorney’s fees from cases on which Patterson worked. At that time, Patterson did not know that the bonus arrangement implicated the Florida Bar’s Rules of Professional Conduct. When Goldstein failed to pay Patterson more than a portion of the bonus wages due under their agreement, Patterson pressed Goldstein for the unpaid bonuses. Gold-stein promised that she would pay them, but stated that she could not put that promise into writing because of a problem with “the Bar.” Goldstein thereafter refused to pay Patterson the remaining bonus wages due under their agreement and the parties ultimately severed their employment relationship.
Patterson filed this lawsuit seeking $87,300.00 in unpaid wages from Goldstein. As an affirmative defense, Goldstein argued that the agreement was not enforceable against her because her own promise to pay Patterson the bonus wages was “unethical and thus void as against public policy.” Goldstein moved for summary judgment on the ground that, even if she conceded the facts alleged by Patterson, she was entitled to judgment as a matter of law because the bonus agreement was an improper fee-sharing agreement, unenforceable by Patterson. Citing the Florida Supreme Court’s decision in Chandris, S.A. v. Yanakakis, 668 So.2d 180 (Fla.1995), the trial court entered summary judgment in favor of Goldstein.
The standard of review of an order granting summary judgment is de novo. Lopes v. Sappington, 958 So.2d 483, 485-86 (Fla. 4th DCA 2007). Summary judgment is improper unless the pleadings and evidence conclusively show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Id. Because Goldstein has conceded the facts alleged by Patterson, this court need address only whether Gold-stein is entitled to judgment as a matter of law. A party moving for summary judgment is permitted to concede that there is no genuine issue as to a material fact for the purpose of the motion, and that admission will not carry over to be used against the movant to the benefit or advantage of the opposing party. McClendon v. Key, 209 So.2d 273, 276 (Fla. 4th DCA 1968); see also Wilmo on the Bluffs, Inc. v. CSX Transp., 559 So.2d 294, 295 (Fla. 1st DCA 1990).
, In Chandris, our supreme court held that a contingent fee agreement that does not conform to the Rules of Professional Conduct is void as against public policy and an attorney cannot recover attorney’s fees under such agreement. Chandris, 668 So.2d at 185-86. The Chan-dris court explained that because the rule governing contingent fees was designed to protect the public from potentially unreasonable or abusive fee agreements, a contingent fee agreement that does not comply with that rule is antagonistic to the public interest and thereby void as against public policy and not enforceable by the member of the Florida Bar who violated the rule.[1] Id. The trial court in this case reasoned that since Patterson’s claim arose out of an agreement that contravenes the Rules of Professional Conduct, it is likewise void as against public policy and not enforceable by Patterson.
In considering whether the bonus agreement at issue is necessarily void as against *1237 public policy, we first look to the applicable fee-sharing rule and the purpose behind it. The parties do not presently dispute that the bonus arrangement calculated as 10% of Goldstein’s legal fees violates Rule 4-5.4(a)(4) of the Rules of Professional Conduct. Rule 4-5.4(a)(4) states:
[B]onuses may be paid to nonlawyer employees for work performed, and may be based on their extraordinary efforts on a particular case or over a specified time period. Bonus payments shall not be based on cases or clients brought to the lawyer or law firm by the actions of the nonlawyer. A lawyer shall not provide a bonus payment that is calculated as a percentage of legal fees received by the lawyer or law firm; ...
R. Regulating Fla. Bar 4-5.4(a)(4) (emphasis added).
The restrictions on fee-sharing enacted in the Rules were intended “to protect the lawyer’s professional independence of judgment.” R. Regulating Fla. Bar 4-5.4, Comment. The rationale for prohibiting an attorney from sharing a percentage of attorney’s fees with a paralegal is that it may lead to improper interference in a case by the paralegal. For instance, a nonlawyer with a stake in the outcome may well pressure the lawyer to resolve the case based on the nonlawyer’s own financial interest, independent of the ethical considerations which bind the lawyer. In contrast to the contingent fee rule at issue in Chandris, which directly protects the public by strictly regulating attorney-client fee agreements, the fee-sharing rule at issue here governs agreements between attorneys and nonlawyers in an employment context and has a less direct impact upon the public.
The present case is further distinguishable from Chandris in that to hold this agreement void as against public policy would discourage, rather than encourage, attorney compliance with the rule in question. Whereas the holding in Chandris rewards attorney compliance with the contingent fee rule, an extension of that holding to this context would reward noncompliance with the fee-sharing rule by permitting an unscrupulous attorney to repudiate a non-conforming agreement after reaping the benefit of the bargain.
Moreover, the doctrine that a contract offensive to public policy is void and unenforceable is based upon the principle that “ ‘[w]here the parties to such an agreement are in pari delicto the law will leave them where it finds them; relief will be refused in the courts because of public interest.’ ” Harris v. Gonzalez, 789 So.2d 405, 409 (Fla. 4th DCA 2001) (quoting Local No. 234 v. Henley, 66 So.2d 818, 821 (Fla.1953)). The corollary to that principle is “where the parties are not in pari delic-to, the innocent party may recover.” Vista Designs, Inc. v. Silverman, 774 So.2d 884, 886 (Fla. 4th DCA 2001); see also Castro v. Sangles, 637 So.2d 989, 991 (Fla. 3d DCA 1994) (“[0]ne may recover upon an apparently illegal contract only if he himself has not been guilty of wrongdoing— that is, as we pontifically say in the law, that he is not in pari delicto with the actual malefactor.”). In the instant case, Patterson, who is not a member of the Florida Bar, is (a) not regulated by the Rules Regulating the Florida Bar and (b) did not have knowledge that Goldstein was breaking the Rules. We therefore find that Patterson was an innocent party and not in pari delicto to this fee-sharing agreement.
We conclude that the agreement is enforceable by Patterson, who was not in pari delicto, notwithstanding the fact that it implicates Rule 4-5.4(a)(4). While we recognize generally that the Rules of Professional Conduct of the Rules Regulating the Florida Bar promote the public inter *1238 est, we find that the public interest is not advanced if an attorney is permitted to promise a bonus arrangement that violates the fee-sharing rule, and then invoke the Rules as a shield from liability under that arrangement. We specifically limit our holding to the factual circumstances of this case involving an employment relationship between an attorney and a paralegal. This opinion is not to be construed to apply to a proscribed referral fee arrangement, which is distinguishable because it raises a separate set of policy considerations.

Reversed and Remanded.

STONE and TAYLOR, JJ., concur.

. A Florida Bar member who has entered into an improper fee agreement is nonetheless entitled to receive the reasonable value of his or her services on the equitable basis of quantum meruit. Id. at 186 n. 4. Patterson did not state a claim for quantum meruit in her complaint or on appeal.