POLEN, J.
 

 Appellant, Guy Bennett Rubin, P.A. (Rubin), appeals the final judgment of the trial court, granting final summary judgment in favor of appellees and denying partial summary judgment in favor of Rubin in Rubin’s action to collect attorney’s fees from his former clients. We
 
 *811
 
 find the subject Representation Agreement unenforceable as a matter of law, as it violates rule 4-1.5(a), Rules Regulating the Florida Bar. As such, we affirm the trial court’s order granting final summary judgment in favor of appellees.
 

 The parties entered into a “Business Matter Contingency Fee Representation Agreement” (Agreement) on August B, 2007. The Agreement provides, in pertinent part:
 

 RUBIN & RUBIN
 

 (GUY BENNETT RUBIN, P.A.)
 

 BUSINESS MATTER CONTINGENCY FEE
 

 REPRESENTATION AGREEMENT
 

 This document shall serve as our agreement for legal representation in the above referenced matter.
 

 [[Image here]]
 

 Fees for Legal Services
 

 [[Image here]]
 

 3. In the event I discharge the firm prior to resolution by judgment or settlement, or if I elect to no longer pursue the Anticipated Claims as identified herein-below, I agree to immediately thereafter pay LAW FIRM accrued hourly legal fees based upon the hourly rates as follows:
 

 Services of Guy Bennett Rubin $500/hr., all other attorneys $400/hr., all paralegals $150/hr., all legal assistants $100/hr. listed in paragraph 4 immediately above. I agree that unless otherwise provided herein, I will not be responsible for any additional attorneys fees payable to the LAW FIRM other than those stated above.
 

 Costs and Expenses
 

 I am responsible for all costs and expenses necessary to prosecute and defend these respective claims. All unpaid invoice billing for costs or expenses remaining unpaid for a period in excess of ten (10) days, shall accrue interest at the rate of 1 ½% per month. I agree that all balances for costs and expenses incurred by the LAW FIRM, but not yet paid by me in connection with this action, including all accrued interest if any, will be disbursed out of the proceeds of any recovery as they are received....
 

 Client Rights and Responsibilities
 

 I agree not to settle this matter without the prior written approval of the LAW FIRM....
 

 I understand that time is of the essence, LAW FIRM will begin work on my behalf immediately, and I will incur fees and costs as soon as I sign this Agreement.
 

 I may discharge the LAW FIRM at any time.
 

 [[Image here]]
 

 ANTICIPATED CLAIMS: Dispute and contest the last will and testament of Leo Guettler Jr. and/or revocable trust of Leo Guettler Jr.; defense of claims by Edna L. Guettler, Inc. and dissolution or liquidation of my interest in Edna L. Guettler, Inc.
 

 On September 28, 2007, appellee, Matthew Guettler, by written letter, asked Rubin to dismiss his cases pending in the probate and civil divisions in Martin County. Also, on September 28, Guettler voluntarily dismissed the probate case and sent a notice of voluntary dismissal to Rubin. All three appellees discharged Rubin on November 16, 2007.
 
 [1]
 

 
 *812
 
 On January 25, 2008, Rubin filed a three-count complaint, alleging breach of contract, account stated and quantum me-ruit. Subsequently, Rubin filed a motion for partial summary judgment on the sole issue of Guettler’s liability to Rubin for unpaid fees and costs. Appellees then filed a motion for summary judgment, arguing that because none of the three contingencies stated in the Agreement occurred, Rubin was not entitled to a fee. The trial court entered an order granting appellees’ motion for summary judgment, and denying Rubin’s motion for partial summary judgment, finding that:
 

 • the Agreement, by its clear and unambiguous terms, is a contingency-fee agreement;
 

 • it is undisputed that no recovery was realized in connection with the “Anticipated Claims” while Rubin represented Appellees or at any time after Rubin represented Appellees;
 

 • Appellees discharged Rubin; a dispute exists as to the timing of the discharge, however, it does not rise to a genuine issue of material fact;
 

 • the Rosenberg
 
 [2]
 
 rule governs this case;
 

 • Rubin is not entitled to recover fees based on quantum meruit, as a matter of law, because the contingency did not occur;
 

 • the provision in the Agreement providing for immediate payment of accrued hourly rates upon discharge constitutes a penalty clause in violation of rule 4-1.5, Rules Regulating the Florida Bar (an attorney shall not charge or collect an illegal, prohibited or clearly excessive fee);
 

 • no recovery can be had on provisions of a fee agreement that are in violation of the Rules of the Florida Bar therefore, Rubin is not entitled, as a matter of law, to recover fees from Appellees under Count I of the complaint (breach of contract)
 

 The court then entered final judgment for appellees, and this appeal followed.
 

 “The standard of review of the entry of summary judgment is
 
 de novo.” Craven v. TRG-Boynton Beach, Ltd.,
 
 925 So.2d 476, 479 (Fla. 4th DCA 2006) (citing
 
 Everett Painting Co. v. Padula & Wadsworth Constr., Inc.,
 
 856 So.2d 1059, 1061 (Fla. 4th DCA 2003)). The trial court determined that the discharge clause in the Agreement constitutes a penalty clause in violation of rule 4-1.5, Rules Regulating the Florida Bar. Rubin argues that the trial court failed to cite any provision of rule 4-1.5 which prohibits the fee sought or the use of the subject provision in the Agreement and also failed to make any specific findings indicating which of the three forbidden fees under 4-1.5 the Agreement violated. Rubin further argues that, under the facts of this case, the clause was not a penalty because it did not restrict appellees from hiring subsequent counsel because at the time Rubin was discharged, the claims were “irretrievably
 
 *813
 
 dead.”
 
 [3]
 
 Rubin finally argues that the trial court should have severed the offending language from the Agreement rather than finding the entire Agreement unenforceable.
 

 “An attorney shall not enter into an agreement for, charge, or collect an illegal, prohibited, or clearly excessive fee or cost_” Rule 4-1.5(a), Rules Regulating the Florida Bar. A termination-of-services clause in a contingency-fee agreement, which provides for the client to pay the discharged law firm for all services rendered up through the date of termination at the prevailing hourly rate for firm members, if the client abandons or dismisses the claim, violates rule 4-1.5 on its face.
 
 The Fla. Bar v. Hollander,
 
 607 So.2d 412, 414 (Fla.1992). “A bilateral contract is severable where the illegal portion of the contract does not go to its essence and, where, with the illegal portion eliminated, there still remain valid legal promises on one side which are wholly supported by valid legal promises on the other.”
 
 Gold, Vann & White, P.A. v. Friedenstab,
 
 831 So.2d 692, 696 (Fla. 4th DCA 2002) (citing
 
 Slusher v. Greenfield,
 
 488 So.2d 579, 580 (Fla. 4th DCA 1986)). Likewise, contingent-fee agreements can be enforceable even if they have technical or immaterial violations of rule 4—1.5(d).
 
 [4]
 

 State Contracting & Eng’g Corp. v. Condotte Am., Inc.,
 
 368 F.Supp.2d 1296, 1305 (S.D.Fla.2005).
 
 Cf. Lackey v. Bridgestone/Firestone, Inc.,
 
 855 So.2d 1186, 1188 (Fla. 3d DCA 2003) (finding that the inclusion of infirm clauses in the contract did not render the agreement void or foreclose the attorney from recovering his fee because the offending clauses were not at issue: “this is not a case where an attorney is seeking to recover fees under a void provision in a contingent fee agreement.”).
 

 In
 
 The Florida Bar v. Doe,
 
 550 So.2d 1111 (Fla.1989), the contingency-fee contract included a “discharge clause” which permitted the client to discharge Doe only after paying him the greater of $350 per hour for all the time spent on the case or forty percent of the greatest gross amount offered in settlement. At the disciplinary hearing, the referee found that while the contingent fee contract violated rule 4-1.5 on its face, there was no testimony offered that Doe’s actions were ever in violation of the rules; consequently, the referee found that Doe was not guilty of any ethical violation warranting disciplinary proceedings.
 
 Id.
 
 at 1112. However, on review, the supreme court disagreed because “the contract itself shows an ethical violation.”
 
 Id.
 
 The court found that the discharge provision had the effect of intimidating the client into not exercising her right of discharge and penalized the client for exercising this right.
 
 Id.
 
 at 1113. The court concluded that “[a)n attorney cannot exact a penalty for a right of discharge. To do so is contrary to our statement of policy in
 
 Rosenberg ....” Id. See also The Fla. Bar v. Spann,
 
 682 So.2d 1070, 1072-73 (Fla.1996) (finding that a contingency-fee agreement that provided for payment based on a specified hourly rate upon termination by the client constitutes a penalty
 
 *814
 
 clause in violation of rule 4-1.5 because the client would be forced to pay the attorney upon discharge even where the contingency had never been met).
 

 Here, Rubin never argued below (in his motions for, or in opposition to, summary judgment, or at the hearing on said motions) that the trial court should sever the offending language relating to the discharge clause; as such, Rubin has not preserved his severance argument for review. Therefore, we hold that based on rule 4-1.5,
 
 Hollander,
 
 and
 
 Doe,
 
 the trial court correctly held the Agreement unenforceable as a matter of law because a discharge clause of this type has been consistently held by the supreme court to be contrary to public policy because of the
 
 potential
 
 it has for chilling a client’s right to change counsel. The case law clearly holds that it is a
 
 prohibited
 
 fee agreement. Further, here, and in contrast to
 
 Lackey,
 
 the discharge clause went to the essence of the agreement: Rubin is seeking fees under this exact clause. Thus, the Agreement was unenfoi’ceable from its inception.
 

 Rubin next argues that the trial court erred in applying
 
 Rosenberg
 
 to the facts of this case because
 
 Rosenberg
 
 does not apply to completed contracts, whether contingent, fixed fee, or mixed. Rubin asserts that by the time he was discharged, the matters which were the subject of the fee contract were already concluded — that the result of the dismissal filing by appellees concluded the Agreement, making impossible any chance that a recovery could ever occur. We need not reach the merits of this issue because the trial court properly found the Agreement to be in violation of rule 4-1.5, and thus unenforceable.
 

 Even if the Agreement is unenforceable as a matter of law, Rubin argues that he should have been permitted to proceed on the theory of quantum meruit as pled in Count III of his complaint. “A Florida Bar member who has entered into an improper fee agreement is nonetheless entitled to receive the reasonable value of his or her services on the equitable basis of quantum meruit.”
 
 Patterson v. Law Office of Lauri J. Goldstein, P.A.,
 
 980 So.2d 1234, 1236, n. 1 (Fla. 4th DCA 2008) (citing
 
 Chandris, S.A. v. Yanakakis,
 
 668 So.2d 180, 186, n. 4 (Fla.1995)). However, an action for quantum meruit “arises only upon the successful occurrence of the contingency. If the client fails in his recovery, the discharged attorney will similarly fail and recover nothing.”
 
 Rosenberg,
 
 409 So.2d at 1022. Here, the trial court found that there was no evidence that the plaintiffs received anything as a result of the litigation. Instead, the Guettlers dismissed their claims against the estate and recovered nothing. Therefore, because the contingency did not occur, Rubin is not entitled to any quantum meruit recovery.
 

 Finally, Rubin argues that he is entitled to reimbursement for costs; however, Rubin never raised this issue below. Consequently, the issue has not been preserved for appellate review.
 

 Affirmed.
 

 WARNER and LEVINE, JJ., concur.
 

 [1]
 

 . There is disputed testimony regarding when Rubin was officially discharged. However, we agree with the trial court that the dispute did not raise a genuine issue of material fact
 
 *812
 
 because the Agreement is unenforceable as a matter of law; therefore, the exact time of discharge is irrelevant.
 

 [2]
 

 .
 
 Rosenberg v. Levin,
 
 409 So.2d 1016 (Fla.1982). In
 
 Rosenberg,
 
 the supreme court held that "an attorney employed under a
 
 valid contract
 
 who is discharged without cause before the contingency has occurred dr before the client's matters have concluded can recover only the reasonable value of his services rendered prior to discharge, limited by the maximum contract fee.”
 
 Id.
 
 at 1021 (emphasis added). The court further held that “in contingency fee cases, the cause of action for quantum meruit arises only upon the successful occurrence of the contingency. If the client fails in his recovery, the discharged attorney will similarly fail and recover nothing.”
 
 Id.
 
 at 1022.
 

 [3]
 

 . Rubin argues that due to the statute of limitations in the probate code rules and by statute, the unilateral dismissal of claims by the appellees operated as a dismissal with prejudice.
 

 [4]
 

 . Rule 4-1.5(d), Rules Regulating the Florida Bar provides: "Enforceability of Fee Contracts. Contracts or agreements for attorney’s fees between attorney and client will ordinarily be enforceable according to the terms of such contracts or agreements, unless found to be illegal, obtained through advertising or solicitation not in compliance with the Rules Regulating The Florida Bar, prohibited by this rule, or clearly excessive as defined by this rule.”